IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JUSTIN YEAGER** | § | |
| *Plaintiff* | § | |
| v. | § | Case No. 5:24cv30-RWS-JBB |
| **CRAIG HENRY, ET AL.** | § | |
| *Defendants* | § | |

**ORDER**

Plaintiff Justin Yeager, proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights and seeking injunctive relief. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. After review of the pleadings, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Plaintiff's lawsuit be dismissed with prejudice as factually frivolous. Docket No. 11; *see Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

Following entry of the R&R, Plaintiff has filed three notices, which in the interest of justice will be construed as objections. In the first of these notices, Plaintiff appears to say that his complaint does not actually state what was set forth in the R&R, but that he intended to sue Judge Craig Henry of the Bowie County Court at Law for incarcerating him for 14 months on a Class B misdemeanor and for having a protective order on him for six years for no reason. Docket No. 12. He also complains that Judge Henry transferred him to a mental health facility without going through the court. He states he wants to subpoena LaSalle Corrections, the former operator of the Bowie County Jail, and a host of other people. Next, in his second notice, Plaintiff again states that he is suing Judge Henry for incarcerating him longer than the law allows for a Class B misdemeanor. Docket No. 13. He also complains about various evidentiary issues that are not

relevant to the Magistrate Judge's R&R. *Id.* Finally, in his third notice, Plaintiff says that he was called to talk to the public defender on October 29, 2024. Docket No. 17. Plaintiff again failed to address the substance of the R&R.

To the extent Plaintiff states that he wishes to sue Judge Henry for allegedly keeping him in jail, he has failed to state a claim upon which relief may be granted. The Fifth Circuit has explained that judges normally have absolute immunity from suits for damages. *Davis v. Tarrant County*, 565 F.3d 214, 221 (5th Cir, 2009). The only exceptions are where the action is non-judicial, or the action is taken in "the complete absence of all jurisdiction." *Id.* However, allegations of bad faith are not sufficient to overcome judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The actions of which Plaintiff complains were done within Judge Henry's jurisdiction, whether or not such actions were in fact proper. *See, e.g.*, *Malina v. Gonzalez*, 994 F.2d 1121, 1123 (5th Cir. 1993) (judge pulled over motorist on the interstate, had a police officer summon him to court, charged him with various crimes, and issued a contempt citation and a five-hour jail sentence; the Fifth Circuit held that the stop, the summons, and the act of charging the motorist were not judicial acts and thus not entitled to immunity, but the contempt citation and jail sentence—although arising from highly irregular proceedings—were within the judge's subject matter jurisdiction and thus protected by judicial immunity). Because Plaintiff has not pointed to any actions by Judge Henry which were non-judicial or wholly outside the judge's jurisdiction, he has failed to state a claim upon which relief may be granted against Judge Henry to the extent that his request for relief may be read to include a claim for damages.

The requests for injunctive relief set out in Plaintiff's complaint are irrational and wholly outside the power of Judge Henry to grant. Moreover, even if Plaintiff's pleadings and objections could be read to seek injunctive relief related to his confinement, the on-line records of Bowie County show that the current prosecution against Plaintiff, cause no. 24F0760-102, is ongoing. On

July 19, 2024, Plaintiff was charged by information with violation of a bond or protective order with two previous convictions. An indictment was filed on November 7 and a precept was served on December 3, 2024.[1] The Anti-Injunction Act, 28 U.S.C. § 2283, and the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 41 (1971) prohibit the federal district court from interfering through injunctive relief in an ongoing state criminal prosecution. Plaintiff has failed to state a claim upon which relief may be granted against Judge Henry.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the R&R is correct, and Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's objections are overruled and the Report and Recommendation of the Magistrate Judge (Docket No. 11) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. The dismissal of this lawsuit should have no effect upon Plaintiff's right to contest the criminal charges against him or to seek relief in state or federal court through direct appeal or collateral review such as habeas corpus in the event that he is ultimately convicted.

**So ORDERED and SIGNED this 14th day of January, 2025.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[1] *See* https://portal-txbowie.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=917919.